# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL THOMPSON,

        Petitioner,  :    Case No. 1:13-cv-429

  - vs -                          District Judge Sandra S. Beckwith
                                    Magistrate Judge Michael R. Merz

WARDEN, WARREN CORRECTIONAL
  INSTITUTION,

                                :

        Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Michael Thompson brought this habeas corpus case *pro se* to obtain relief from his conviction for murder and having weapons under disability in the Hamilton County Common Pleas Court.

He pleads the following grounds for relief:

> **Ground One:** Petitioner was denied his right to due process guaranteed by the 14th Amendment.
>
> **Supporting Facts:** Trial court allowed a state's witness to testify to hearsay which effectively violated Petitioner's right to confrontation.
>
> **Ground Two:** Insufficient evidence undermined the confidence of Petition's trial.
>
> **Supporting Facts:** There was no physical evidence linking Petitioner to the shooting. The cell phone subject in the case was not sufficient proof that Petitioner committed any murder.

(Petition, Doc. No. 1.)

**Procedural History**

Thompson was indicted by the Hamilton County Grand Jury on two counts of murder, one count of having weapons under disability, and firearm specifications. A jury acquitted him of one count of murder but found him guilty of the other charges and he was sentenced to twenty-three years to life, a sentence he is now serving in Respondent's custody.

Petitioner appealed his conviction and sentence to the First District Court of Appeals, raising the following Assignments of Error:

> 1. The trial court erred as a matter of law by allowing the State to introduce hearsay statements which violated appellant's right to a fair trial. (Tp. Vol. 3, pgs. 444,447;Tp. Vol.6. pgs. 750,751).
>
> 2. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's convictions for murder and having weapons under disability. (td. 57, 60).
>
> 3. The trial Court erred as a matter of law in sentencing appellant.

(Return of Writ, Doc. No. 12-1, Ex. 10, PageID 87.) The court of appeals affirmed the conviction. *State v. Thompson*, Case No.C-110580 (Ohio App. 1st Dist. Oct. 17, 2012)(unreported; copy at Return of Writ, Doc. No. 12-1, PageID 128-30). The Ohio Supreme Court declined jurisdiction over a subsequent appeal and Thompson filed the instant Petition for Writ of Habeas Corpus June 20, 2013 (Doc. No. 1). On Magistrate Judge Litkovitz's Order (Doc. No. 8), the Respondent filed a Return of Writ on November 6, 2013 (Doc. No. 12). Despite being given a date by which to filed a traverse, Petitioner has failed to do so and the case is now ripe for decision on the merits.

**Ground One: Admission of Hearsay Statements**

In his First Ground for Relief, Thompson claims that the admission of hearsay at his trial deprived him of his right to confront the witnesses against him. Thompson does not spell out in his Petition the testimony of which he is complaining, but on direct appeal he complained of the admission of the statement of the deceased victim to Angelo Dykes and of the testimony of Detective Tim Gormley about the pretrial statement of Kellie Bass.

Respondent asserts this Ground for Relief is procedurally defaulted by Thompson's failure to fairly present it to the Ohio courts as a federal constitutional claim. Instead, the Warden says, it was presented entirely as an Ohio rule of evidence claim.

Respondent is correct that Thompson did not fairly present this claim to the Ohio courts. There is no mention of the Confrontation Clause in the state court briefing, or of any federal precedent, much less precedent applying the Confrontation Clause. Nor did Thompson's appellate counsel make any argument that comes within the mainstream of Confrontation Clause jurisprudence. This Court cannot directly review an Ohio hearsay claim because federal habeas corpus is available only to review federal constitutional claims. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).

Alternatively, this claim is without merit under the Confrontation Clause. Although the Confrontation Clause reflects the Constitution's strong preference for face-to-face confrontation at trial, the Clause has not been interpreted to bar all hearsay. *Maryland v. Craig*, 497 U.S. 836, 847-48 (1990); *Ohio v. Roberts*, 448 U.S. 56 (1980). *Roberts* has been overruled by *Crawford v.*

*Washington*, 541 U.S. 36 (2004)(holding that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine"). The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has a prior opportunity for cross-examination . . . " *Crawford v. Washington,* 541 U.S. 36, 53-54 (2004). For example, statements of a mortally-wounded victim to police are admissible because they were made in the context where the primary purpose of the police interrogation was to enable police assistance to meet an ongoing emergency. *Michigan v. Bryant*, 562 U.S. ___, 131 S. Ct. 1143; 179 L. Ed. 2d 93 (2011).

Statements of the deceased victim McCants to Angelo Dykes were not testimonial. Rather, McCants' statement to Dykes that he was "going to hit a lick"[1] was a statement which exposed McCants to criminal liability. As the First District held, it was admissible under Ohio R. Evid. 804(B)(3) on that basis. The exception to the hearsay rule for statements against penal interest is a firmly rooted exception and therefore is also an exception to the bar of the Confrontation Clause. *Vincent v. Seabold*, 226 F.3d 681, 688 (6th Cir. 2000), *citing Gilliam v. Mitchell*, 179 F.3d 990, 994 (6th Cir. 1999) and *Neuman v. Rivers*, 125 F.3d 315, 319-320 (6th Cir. 1997); but see *Lilly v. Virginia*, 527 U.S. 116, 134 (1999)(addressing a circuit split by holding that "accomplices' confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule . . ." but rather than imposing a blanket ban on such statements, the Government must satisfy the second prong of the *Ohio v. Roberts* test before

---

[1] Various online idiomatic dictionaries confirm that this phrase means make a lot of money quickly through illegal means. See **www.urbandictionary.com**. **www.internetslang.com**, and **www.onlineslangdictionary.com**.

introducing such statements.) Gormley's testimony about Kellie Bass' out-of-court statements was admitted in error under Ohio evidence law, as the First District held. *State v. Thompson, supra,* PageID 129. Even so, it was not barred by the Confrontation Clause because Bass testified live at trial and was subject to cross-examination.

Therefore the First Ground for Relief should be dismissed with prejudice, both as procedurally defaulted and as without merit.

**Ground Two: Insufficient Evidence**

In his Second Ground for Relief, Thompson asserts he was convicted on insufficient evidence, particularly because, he claims, there was no physical evidence linking him to the murder.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*).

First of all, Thompson is mistaken in claiming no physical evidence tied him to the crime. His cell phone was found in the car with McCants dead body. Evidence presented at trial confirmed Thompson's use of that cell phone and his DNA was recovered from it. That is strong physical evidence. It combines with Bass' eyewitness testimony that someone resembling Thompson fled from McCant's car after it crashed into a building following the shooting. This is sufficient evidence to support the conviction and the Second Ground for Relief should be dismissed with prejudice on the merits.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion,

Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

June 4, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).